**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

DENVER HOTEL MANAGEMENT COMPANY, INC. d/b/a Brown Palace Hotel & Spa

Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Renate Rivelli who was adversely affected by such practices. As alleged with greater particularity below, Defendant discriminated against Ms. Rivelli on the basis of her gender when it failed to promote her to the position of Assistant Human Resources Director due to its discriminatory and stereo-typed assumptions regarding Ms. Rivelli's ability to do the job because of her status as a woman with young children.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Colorado.

3. More than thirty days prior to the institution of this lawsuit, Ms. Rivelli filed a charge with the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

4. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant, Denver Hotel Management Company, Inc. d/b/a Brown Palace Hotel & Spa ("Brown Palace" or the "Employer"), a Texas Corporation, has continuously been doing business in the State of Colorado, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## GENERAL ALLEGATIONS

7. Defendant owns and operates the Brown Palace Hotel & Spa, a historic, luxury hotel in downtown Denver that has been in operation since August 12, 1892.

8. In 2008, Defendant employed more than 400 employees.

9. Ms. Rivelli, who is female, is a single parent of two children for whom she has care-giving responsibilities.

10. Ms. Rivelli began working for the Brown Palace Hotel in the Human Resources Department on May 21, 2001.

11. Ms. Rivelli was employed first as the Employment Manager and then as the Benefits Manager.

12. In 2005, Ms. Rivelli received the Manager of the Year award.

13. In late 2008, the Brown Palace decided to create the position of Assistant Human Resources Director.

14. The Managing Director, Marcel Pitton, and the Vice President of Human Resources, Pam MacRae, promoted Ms. Rivelli's co-worker, Kelsey Bell, to the Assistant Human Resources Director position.

15. The opening was not advertised, nor was anyone interviewed for the position of Assistant Human Resources Director.

16. Ms. Rivelli was informed on November 10, 2008, in a meeting with Mr. Pitton and Ms. MacRae, that Kelsey Bell was being promoted to a newly created position of Assistant Human Resource Director.

17. During the meeting, Mr. Pitton told Ms. Rivelli she was not considered for the position because she could not relocate due to her care-giving responsibilities for her young children.

18. In November 2008, Ms. Rivelli's two children were 8 and 12 years old.

19. Also during the meeting, Mr. Pitton told Ms. Rivelli that the new position would require 50-60 hour work weeks and because she "had a full-time job at home with her children," it "simply was not possible" for her to be placed into the position.

20. Ms. Rivelli was never asked if she would be willing to relocate or work extended hours.

21. Rather the decision-makers assumed that because Ms. Rivelli was the mother and primary care-giver for small children, she would be unwilling to relocate or work extended hours.

22. In fact, Ms. Rivelli could work any extra hours needed and was willing to relocate.

23. Ms. Bell, who was promoted to the position, does not have children, and was less qualified for the Assistant Human Resource Director position than Ms. Revelli.

24. Since being promoted, Ms. Bell has never been asked to relocate and continues to be employed at the Brown Palace Hotel in Denver.

**CLAIM FOR RELIEF**
[Failure to Promote – 42 U.S.C. § 2000e-2(a)]

25. The allegations contained in paragraphs 1 through 22 are hereby incorporated by reference.

26. Since at least 2008, Defendant engaged in unlawful employment practices at the Brown Palace Hotel in Denver, Colorado, in violation of Section 2000e-2(a) of Title VII, 42 U.S.C. § 2000e-2(a) when it failed to promoted Ms. Rivelli to the position of Assistant Director of Human Resources because she was the mother of two children.

27. Renate Rivelli is female.

28. Ms. Rivelli is the mother of two young children for whom she has care-giving responsibilities.

29. Ms. Rivelli was qualified for the position of Assistant Human Resource Director.

30. Ms. Rivelli suffered a tangible employment action when she was denied a promotion to the Assistant Human Resource Director position.

31. Defendant made illegal gender-based assumptions about Ms. Rivelli and her ability to do the Assistant Human Resource Director position due to status as the care-giver of young children.

32. Defendant promoted a less-qualified individual to the position of Assistant Human Resource Director.

33. The individual who was promoted did not have children.

34. As a result of the events and actions described above, Ms. Rivelli was deprived of equal employment opportunities, suffered severe emotional distress, and was otherwise adversely affected as an employee, because of her sex.

35. The unlawful employment practices described above were intentional acts.

36. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Rivelli.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unlawful gender discrimination.

B.Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women with children, and which eradicate the effects of its past and present unlawful employment practices.

C.Order Defendant to make whole Ms. Rivelli, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to promotion of Ms. Rivelli, or awarding Ms. Rivelli front-pay as appropriate.

D.Order Defendant to make whole Ms. Rivelli by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

I.Order Defendant to pay Ms. Rivelli punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

J.Grant such further relief as the Court deems necessary and proper in the public interest.

K.Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        P. DAVID LOPEZ
        General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
        1801 L Street, N.W.
        Washington, DC   20507
        MARY JO O'NEILL
        Regional Attorney
        Phoenix District Office

        RITA KITTLE
        Supervisory Trial Attorney

        */s/ Stephanie Struble*
        STEPHANIE STRUBLE
        Trial Attorney
        (303) 866-1381
        stephanie.struble@eeoc.gov

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Denver Field Office
        303 East 17th Avenue, Suite 410
        Denver, CO   80203
        FAX (303) 866-1375

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys.  Duplicate service is not required on the Deputy General Counsel in Washington, D.C.