# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 10-cv-01712-REB-BNB

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

DENVER HOTEL MANAGEMENT COMPANY, INC. d/b/a Brown Palace Hotel & Spa

    Defendant.

---

## CONSENT DECREE

---

### I. RECITALS

    1.    Plaintiff, Equal Employment Opportunity Commission ("EEOC"), an agency of the United States government, initiated this litigation alleging that Defendant Denver Hotel Management Company (Defendant) failed to promote Renate Rivelli because of her sex.  Renate Rivelli intervened in the litigation as a party plaintiff. Collectively, the EEOC, Defendant and Ms. Rivelli are referred to herein as the "Parties."

    2.    The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the entry by this Court of this Consent Decree.  The Parties agree that this Consent Decree constitutes a complete resolution of all of claims of unlawful employment practices that arise from EEOC Charge of Discrimination Number 541-2009-00613 and all claims for damages of any kind that were or could have been

brought by the EEOC or Ms. Rivelli in this litigation.

3. For the purpose of amicably resolving disputed claims, the Parties request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

4. The Parties waive the entry of findings of fact and conclusions of law.

5. This Consent Decree shall expire two (2) calendar year after the date of its entry by the Court. The "term" of this Consent Decree, as used herein, is this two (2) calendar year period between the Court's entry of this Consent Decree and its expiration.

## III. MONETARY RELIEF

6. Defendant agrees to pay the total amount of $ 105,000 to resolve all claims asserted in this litigation at the time, to the recipients and in the manner specified by separate agreement.

7. In addition to the payment(s) described in paragraph 6 above, Defendant agrees to place Ms. Rivelli on paid administrative leave, with her current benefits, from December 6, 2010 through August 28, 2011.

8. Defendant will not condition the relief described above on Ms. Rivelli's agreement (a) to maintain as confidential the terms of this Consent Decree, (b) to waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) not to apply for a position with Defendant.

## IV.   EQUITABLE RELIEF

**A.   Injunctive Relief**

9. During the term of this Consent Decree, Defendant is enjoined from engaging in any employment practice that discriminates on the basis of sex.

10. During the term of this Consent Decree, Defendant is enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, because of such person's filing a charge, testifying or participating in any manner in any investigation, proceeding or hearing under any of that statute, because such person was identified as a witness or possible witness for the EEOC, or because such person participated in any manner in this action or in the investigation giving rise to this litigation.

**B.   Revisions to Defendant's Policy.**

11. Defendant shall revise its existing policy proscribing discrimination and proscribing retaliation against any employee who complains about discrimination or who files a charge of discrimination alleging discrimination. ("Anti-Discrimination Policy"). The revised policy shall specifically explain that discrimination based on stereotypes concerning a woman's or a man's family responsibilities can constitute illegal sex discrimination. Defendant shall post the revised policy and keep it posted for the term of this Consent Decree, in the place where notices to employees and applicants for employment are customarily kept or posted. Within fifteen (15) days of the execution of this Agreement, Defendant shall forward a copy of the revised Anti-Discrimination Policy

to the EEOC with a letter indicating that the Anti-Discrimination Policy has been posted. Defendant shall distribute a copy of the Anti-Discrimination Policy to its employees within ninety (90) days of the execution of this Agreement and shall provide the policy to any newly hired employee within ten (10) days of his or her hire.

**C.     Additions to Training**

12.     Defendant shall continue its practice of conducting annual training for all its regular employees on what constitutes employment discrimination, including discrimination against employees on the basis of sex.  Beginning in calendar year 2011, the annual training will include a discussion and examples of how discrimination based on stereotypes concerning a woman's or a man's family responsibilities can constitute illegal sex discrimination.  The annual training shall continue to include notification to employees of Defendant's policy and procedures for registering complaints of discrimination, the penalties of engaging in such discriminatory behavior, and Defendant's non-retaliation policy.  All training under this paragraph shall be at Defendant's expense.

13.     Defendant shall continue to require new employees, including on-call, seasonal and regular employees, to complete orientation training within thirty (30) days of being hired.  The orientation training shall include training that meets the requirements of paragraph 12 above.

14.     Defendant shall continue to require all individuals who work in a managerial or supervisory capacity to receive at least two (2) hours of training annually regarding Title VII and other federal anti-discrimination laws.  The training will meet the requirements for content described in paragraph 12 above, and, in addition will include

training on recognizing complaints of discrimination and harassment and appropriate reporting to Defendant's human resources personnel. In addition, Defendant will require all individuals who work in a managerial or supervisory capacity to receive at least two (2) additional hours of training annually on the non-discriminatory administration of Defendant's policies, such as the non-discriminatory application of leave policies and non-discriminatory hiring practices. Defendant shall require that all persons on its leadership committee, including those assigned pursuant to Defendant's management contract, participate in the training described in this paragraph.

15. Defendant shall continue to require all individuals who work in a managerial capacity in its human resource department to receive at least four (4) hours of training regarding Title VII and other federal and/or state anti-discrimination laws. In addition, Defendant shall require individuals who work in a managerial capacity in its human resource department to receive at least two (2) additional hours of training on areas related to the nondiscriminatory application and enforcement of human resources policies, such as the nondiscriminatory application of leave policies, non-discriminatory hiring practices, and non-discriminatory management of part-time and on-call employees. Within ninety (90) days of the execution of this Agreement, the human resource management personnel will obtain or arrange for at least two additional hours of training on how discrimination based on stereotypes concerning a woman's or a man's family responsibilities can constitute illegal sex discrimination. This additional training on stereotypes concerning family responsibilities shall be at Defendant's expense, conducted by outside vendors approved by the EEOC. Defendant shall require that all persons assigned to work in a managerial capacity in Defendant's human

resources department, including those assigned pursuant to Defendant's management contract, participate in the training described in this paragraph.

16.  Defendant shall provide to the EEOC thirty (30) days' notice of the first employee training session and the first supervisory training session described above. The EEOC may designate one or two representative(s) to attend one or both of these training sessions.  The EEOC shall provide Defendant two days' notice before attending any training session.

**D.  Posting of Notice**

17.  Within five (5) business days of the entry of this Consent Decree, Defendant shall post in a conspicuous place where notices to employees and applicants for employment are customarily kept or posted, the Notice attached as Attachment A to this Decree. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the reports required under the Reporting provision of this Consent Decree.

**E.  Record Keeping and Reporting Provisions**

18.  For the term of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree.

19.  The EEOC may arrange to interview any person employed by Defendant, for the purpose of determining Defendant's compliance with the terms of this Consent Decree, by contacting Defendant's Director of Human Resources.  Any interviews shall be scheduled with due regard to the convenience of Defendant and of the individual to

be interviewed.

20.     Defendant shall provide the EEOC with a report on January 31, 2012, and January 31, 2013.  Each report shall provide the following information:  (a) a detailed agenda and copies of all materials provided to attendees for each training session for regular employees or supervisory employees required under this Consent Decree, together with the name of each trainer and a summary of his or her qualifications, and a registry of the attendees; (b) a description of training received by human resources employees required under this Consent Decree, including the time and place of the training, the subject matter of the training, and a description of (or available information on) the trainer and his or her qualifications; and (c) a brief summary of any complaint of sex discrimination made to Defendant's human resources department or to any federal, state, or local government agency about Defendant.  The summary shall include the nature of the complaint, the date of the complaint, the position of the complainant and the accused (if applicable), a description of Defendant's response to the complaint and a description of the resolution reached, if any.  Defendant shall provide a copy of any written complaint and any documents relating to the resolution of the complaint. Defendant shall redact all personally identifying information concerning any employee, former employee or applicant from any materials submitted with the report, but shall retain the redacted information and shall provide it to the EEOC upon request.

21.     Each party shall bear its own costs in conjunction with the maintenance of records, preparation of any report, access or copying of records.

## V.  RETENTION OF JURISDICTION AND FILING OF DECREE

22. This Court shall retain jurisdiction of this matter for purposes of determining compliance with this Consent Decree and for entry of such further orders or modifications as may be necessary or appropriate.

## VI.  ENFORCEMENT

23. There is no private right of action to enforce Defendant's obligations under the Decree, and only the EEOC may enforce compliance herewith.

24. In the event that the EEOC believes that Defendant, its officers, employees, agents or others acting in concert with it, are in violation of any provision of this Consent Decree, the EEOC shall raise the concern promptly with Defendant's counsel of record in this litigation.  The EEOC and Defendant shall attempt to remedy any such perceived violation informally, without the intervention of the Court.  If the EEOC and Defendant are unable to resolve the issue between themselves within thirty (30) days, the EEOC may bring the issue to the Court through an appropriate petition for enforcement of the terms of this Consent Decree.

## VII.  EEOC AUTHORITY

25. With respect to matters or charges outside the scope of this Consent Decree, this Consent Decree shall in no way limit the powers of the EEOC under the statutes over which the EEOC has enforcement authority.

## VII.  COSTS AND ATTORNEY FEES

26. Each Party shall be responsible for and shall pay its own costs and attorney fees.

## IX.  NOTICE

27.     Any notice, report, or communication to the EEOC required under the provisions of this Consent Decree shall be sent by certified or overnight mail, postage prepaid, to Rita Byrnes Kittle, Supervisory Trial Attorney, Equal Employment Opportunity Commission, 303 E. 17th Avenue, Suite 410, Denver, Colorado 80203.

## X.  ENTRY OF JUDGMENT & DISMISSAL OF CLAIMS [1]

28.     Under FED. R. CIV. P. 54(a), this Consent Decree shall serve as a judgment in this case in satisfaction of FED. R. CIV. P. 58(a).  As agreed by the parties in their motion for approval of the consent decree [#31] filed December 6, 2010, with the approval of the Consent Decree by the court, all claims in this case are dismissed with prejudice subject to the terms of this Consent Decree, including the retention of jurisdiction.

Dated December 8, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[1] This section of the decree is added by the court *sua sponte* to effect the terms of the parties' agreement as stated in their **Joint Motion for Entry of Consent Decree and for Dismissal with Prejudice Subject To Entry of Consent Decree** [#31] filed December 6, 2010.

APPROVED AS TO FORM:

s/ Stephanie Struble
_____

Stephanie Struble
Senior Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203
303.866.1381
stephanie.struble@eeoc.gov

Attorneys for Plaintiff EEOC

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION

BY:    s/ Mary Jo O'Neill
_____
Mary Jo O'Neill
Regional Attorney

Date:  12/6/10

BY CONSENT:

BY:    s/ R. Rivelli
_____
Renate Rivelli

Date:  12/6/10

s/William A. Wright
_____

William A. Wright
SHERMAN & HOWARD, LLC
633 Seventeenth St., Ste. 3000
Denver, CO 80202
(303) 297-2900
wwright@shermanhoward.com

Attorney for Denver Hotel
Management Company

BY CONSENT:

Denver Hotel Management
Company

By: s/Ted Mosley

Its: President

Date: 12/6/1010

**ATTACHMENT A**

## **NOTICE**

Denver Hotel Management Company ("DHMC") emphasizes the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices, and to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability.  This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate based upon the gender of an employee or job applicant. Discriminating against an individual because of his or her status as a caregiver of children or other family members can constitute illegal gender discrimination.  Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

DHMC respects the right of its employees and applicants for employment to work in an environment free from discrimination.  Accordingly, the company reaffirms its commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination in terms of hiring, promotion, compensation, benefits, discharge or discipline because of race or color.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at DHMC will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.


Denver Hotel Management Company



By:_____  _____
                                                              Date